NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-342

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524724

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender. On appeal, Doe challenges the classification on various grounds, including by arguing that the hearing examiner failed to provide an adequate explanation for how Doe presents a moderate risk of reoffense. For the reasons set forth below, we vacate the Superior Court judgment and remand for entry of a new judgment vacating the final classification and remanding the matter to SORB for further proceedings consistent with this memorandum and order.

Background. On May 6, 2014, a nurse at a skilled nursing center walked into a patient room and discovered Doe, a certified nursing assistant, with a female dementia patient

(victim).  The nurse saw Doe with the victim behind a curtain and that the victim was naked from the waist down with her legs spread open.  The nurse asked Doe what he was doing, to which Doe responded, "I know I'm in trouble, this looks bad, I'm sorry."  Doe claimed that he was changing the victim's diaper, but the nurse checked and noticed that the diaper was clean. The nurse immediately took the diaper and secured it in a paper bag.  Another nursing center employee responded to the incident and testified at trial that she saw blood in the victim's vagina immediately after the incident.

When questioned by the police on June 10, 2014, Doe admitted to putting his fingers inside the victim's vagina during the incident in question, as well as on another occasion in January 2014 while he was working an overnight shift.[1]

Doe was indicted in Superior Court on two counts of rape; after a bench trial on April 12, 2017, Doe was found guilty of one count of rape.  Doe was sentenced to six to eight years in State prison.

In the SORB classification proceedings, Doe raised several risk-mitigating factors, see 803 Code Mass. Regs. § 1.33 (2016): (1) factor 28 (supervision by probation or parole) for having

---

[1] Doe was advised of his <u>Miranda</u> rights and agreed to be interviewed by the police.  <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436 (1966).

2

strict parole conditions; (2) factor 32 (sex offender treatment) because of Doe's completion of sex offender treatment; (3) factor 33 (home situation and support systems) due to Doe's robust support network of family and friends; and (4) factor 34 (materials submitted by the sex offender regarding stability in the community) as a result of Doe's course completions, continued education, and anticipated housing and employment on release.  The hearing examiner agreed that these factors applied and that three of the four were to be given "full weight."  He ultimately concluded that Doe nevertheless presented a moderate risk of reoffense and a moderate degree of danger.  On this basis, the hearing examiner classified Doe as a level two offender.  Although the hearing examiner's written decision included an extensive explanation of how Doe presented a moderate degree of dangerousness, it included little explanation of why he presented a moderate risk of reoffending.  In fact, the hearing examiner's discussion of Doe's risk of reoffense cited to only one risk-elevating factor that bore on that issue (factor 16, public place).[2]

---

[2] The examiner's original decision applied factors 7, 18, and 19 to conclude that Doe had an increased risk of reoffense. As SORB's brief acknowledges, the examiner then issued an amended decision treating these three factors as bearing only on Doe's degree of dangerousness.  This appears to reflect that factor 7's "position of trust" provision refers only to "increased level of dangerousness," factor 18 refers only to

3

Discussion. Our review is narrow. We may set aside or modify SORB's decision only if we determine "that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501). Moreover, hearing examiners have been delegated extensive discretion "to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014). Our review is principally limited to whether the hearing examiner examined the relevant factors and provided an adequate explanation for his or her conclusions. See Doe No. 496501, supra at 657 (hearing examiner is required to "make explicit his or her findings" regarding degree of dangerousness and risk of reoffense, and "make clear that each determination

_____

"danger to public safety," and factor 19 refers only to "increased degree of dangerousness." 803 Code Mass. Regs. § 1.33(7)(a)(2), (17), (18). We note that in the background section of his decision, the hearing examiner did touch on factor 35 (psychological or psychiatric profiles regarding risk to reoffend), by referencing Doe's scores on the Static-99R and Stable-2007 models and attaching "some weight" to those scores, but "only to the extent they may be seen as general indicators of risk of re-offense." The examiner did not, however, cite this factor in his overall assessment of Doe's risk of reoffense.

4

is supported by clear and convincing evidence").  See also Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012) ("SORB's decision must show that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex").

Our review leads us to conclude that while the hearing examiner adequately engaged in the required qualitative and objective review that balanced all the relevant risk-aggravating and risk-mitigating factors as to Doe's degree of dangerousness, he failed to provide sufficient analysis as to Doe's risk of reoffense.  As noted, the hearing examiner concluded that the four risk-mitigating factors Doe raised applied and that three of them should be given "full weight."  In the face of this, the perfunctory analysis in which the hearing examiner engaged failed adequately to explain how he concluded, by clear and convincing evidence, that Doe presented a moderate risk of reoffense."[3]

---

[3] To be clear, we do not accept Doe's contention that the hearing examiner erred in concluding that factor 16 (public place) applied.  See Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 225 (2020), quoting 803 Code Mass. Regs. § 1.33(16)(a) ("public place" includes "any place that is open to the scrutiny of others or where there is no expectation of privacy").  Here, Doe assaulted the victim in the presence of another patient in a nursing center, despite the likely detection by the patient occupying

The judgment affirming SORB's decision is vacated, and the case is remanded for entry of a new judgment vacating the final classification and remanding the matter to SORB for further proceedings consistent with this memorandum and order.[4]

So ordered.

By the Court (Milkey, Sacks & Smyth, JJ.[5]),

*Paul Little*

Clerk

Entered:  August 12, 2024.

---

the room and nursing center staff.  In addition, Doe did not raise this argument before the agency, and therefore waived it. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).  Nor do we discern any error in the hearing examiner's concluding that Doe presented a moderate degree of dangerousness.  That conclusion is supported by clear and convincing evidence and adequately explained.

[4] In light of this disposition, we need not address Doe's argument that a remand is necessary under Doe No. 496501, 482 Mass. at 655-657, for a particularized finding whether Internet dissemination is warranted, making Doe's sex offender registry data available to healthcare providers with whom Doe might seek employment.  The hearing examiner will be able to consider that issue on remand.  Nothing in this memorandum and order should be interpreted as stating any substantive position on how Doe should be classified.

[5] The panelists are listed in order of seniority.

6